Filed 11/19/20  In re R.R. CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION FOUR

| | |
|---|---|
| In re R.R., a Person Coming Under the Juvenile Court Law. | B305422 |
| THE PEOPLE, | (Los Angeles County Super. Ct. No. PJ53147) |
| Plaintiff and Respondent, | |
| v. | |
| R.R., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Morton Rochman, Judge.  Affirmed as modified, with instructions.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Stephanie A. Miyoshi, Deputy Attorney Generals, for Plaintiff and Respondent.

_____

## INTRODUCTION

Appellant R.R. committed an assault with a firearm when he was 16 years old. The People prosecuted him as an adult without first making a transfer motion in juvenile court. He was convicted of the firearm-assault by a jury, which also found gang and firearm enhancements true. The trial court denied his motion to remand the case to juvenile court pursuant to Proposition 57, as approved by voters in 2016 (requiring the People to make a transfer motion in juvenile court before prosecuting a juvenile offender in criminal court). We conditionally reversed his conviction and remanded to the juvenile court with instructions to (1) determine whether the court would have granted a transfer motion, had the People made one; and, if not, (2) treat the conviction as a juvenile adjudication and impose an appropriate disposition. (*People v. Ruiz* (May 16, 2018, No. B280874) 2018 Cal.App.Unpub. LEXIS 3326.)

On remand, after determining that it would not have transferred appellant, the juvenile court committed him to

2

the Division of Juvenile Facilities (DJF).  Such commitment required the court to set a maximum period of confinement no longer than the maximum sentence that could be imposed on an adult convicted of the same offense (with the same enhancements found true).  (Welf. & Inst. Code, §§ 726, 731.) The parties' counsel represented that the maximum adult sentence was 24 years, comprising the four-year upper term on the firearm-assault conviction, a 10-year term on the firearm enhancement, and another 10-year term on the gang enhancement.  Accepting this representation, the court set appellant's maximum period of confinement at 24 years.  It signed Judicial Council Form JV-732, attesting it had "considered the individual facts and circumstances of the case" in ordering the maximum period of confinement, and acknowledging its discretion to order a shorter maximum.

On appeal, appellant contends the court erred by relying on the gang enhancement to extend his maximum period of confinement by 10 years because (1) the correct length of the gang enhancement is five years; and (2) had appellant been sentenced as an adult, the court would have been required to stay the gang enhancement.  The People agree.  In his reply brief, appellant argues for the first time that we must remand for a new disposition hearing because (1) the court was unaware of its discretion to order a maximum period of confinement shorter than the maximum adult sentence; and (2) appellant has the right to present "new evidence based upon his behavior and change of circumstances while in lock-up."

3

We agree the court erred by relying on the gang enhancement to extend appellant's maximum period of confinement by 10 years.  We find appellant's arguments for remand both forfeited and without merit.  Accordingly, we affirm the judgment as modified to reduce the maximum period of confinement from 24 years to 14 years.

## FACTUAL BACKGROUND
### A. *Appellant's Conviction and Our Conditional Reversal*

The People charged appellant in adult criminal court with, inter alia, assault with a firearm on Pasadena Police Department Officer David Llanes.[1]  (Pen. Code, § 245, subd. (a)(2).)  The People alleged that appellant personally used a shotgun (*id.*, § 12022.53, subd. (b)), and that the firearm-assault was committed for the benefit of, at the direction of, and in association with a criminal street gang (*id.*, § 186.22, subd. (b)(1)(B)).

At appellant's trial, Officer Llanes testified that on August 13, 2013, he observed appellant (then 16 years old), Bryan Valle, and two other individuals conversing in front of

---

[1]     Appellant was also charged with assault on a peace officer with a firearm (Pen. Code, § 245, subd. (d)(1)) and conspiracy to commit murder (*id.*, § 182, subd. (a)(1)).  Though he was initially convicted of both offenses, the convictions were later vacated, and they played no role in the juvenile court's disposition.  We therefore decline to further discuss the proceedings on those charges.

4

a building he was surveilling from his unmarked vehicle. Appellant approached the officer's vehicle, looked inside, flashed gang signs, and then returned to the group. Valle also examined the vehicle and, while doing so, reached into his front waistband. Afraid that Valle might be drawing a weapon, Officer Llanes rolled down his window, and yelled, "Police. Get the fuck away from my car." Valle returned to the group and shortly thereafter headed eastbound with appellant, out of the officer's sight. Minutes later, Officer Llanes saw appellant, carrying a large bag, approaching his vehicle with Valle.

When appellant reached the rear of Officer Llanes's vehicle, he crouched and held the bag as one would hold a rifle. Officer Llanes covertly exited his vehicle and sneaked to the rear. He observed appellant, who had moved to the front, pointing the bag toward the windshield. The officer aimed his duty weapon at appellant and attempted to arrest him. Appellant dropped the bag and fled, but was quickly apprehended. Officer Llanes discovered a loaded shotgun in the bag. Another police officer, testifying as a gang expert and relying on a variety of evidence, opined that appellant and Valle were members of a criminal street gang, and that appellant's assault on Officer Llanes was committed for the gang's benefit.

A jury convicted appellant of the firearm-assault and found true the firearm and gang enhancement allegations. Appellant subsequently filed a motion to remand his case to juvenile court pursuant to Proposition 57, which requires the

People to make a transfer motion in juvenile court before prosecuting a juvenile offender in criminal court. The trial court denied the motion and sentenced appellant to 18 years in prison. On appeal, we conditionally reversed appellant's conviction and remanded to the juvenile court with instructions to (1) determine whether the court would have granted a transfer motion, had the People made one; and, if not, (2) treat the conviction as a juvenile adjudication and impose an appropriate disposition. (*People v. Ruiz*, *supra*, 2018 Cal.App.Unpub. LEXIS 3326.)

## B. *Juvenile Court Proceedings on Remand*

On January 4, 2019, the People filed a petition in the juvenile court for appellant to be declared a ward under Welfare and Institutions Code section 602. The People also filed a petition to transfer appellant to adult criminal court. The juvenile court held a transfer hearing over four days in November 2019 and January 2020. Finding appellant amenable to juvenile court treatment, the court denied the People's transfer petition. In accord with our instructions to treat the firearm-assault conviction as a juvenile adjudication and impose an appropriate disposition, the court referred the matter to the probation department for a disposition report and scheduled a disposition hearing. In advance of the disposition hearing, the probation department submitted a report recommending that appellant be committed to the DJF.

6

At the February 24, 2020 disposition hearing, counsel for both parties requested that the court commit appellant to the DJF. They represented that the maximum period of confinement was 24 years, comprising the four-year upper term on the firearm-assault conviction, a 10-year term on the firearm enhancement, and another 10-year term on the gang enhancement. Appellant's counsel specifically represented that the gang enhancement "add[ed] 10 years," and the prosecutor concurred.

The court declared appellant a ward of the court and, as recommended by the parties and the probation department, committed appellant to the DJF. On its signed commitment order (Judicial Council Form JV-732), the court calculated the "maximum period of imprisonment that could be imposed on an adult convicted of the offense" as 24 years, comprising the four-year upper term and 10-year terms on both enhancements. It ordered that appellant's maximum period of confinement was also 24 years (with 2385 days of credit for time served). The court attested that it was setting the maximum at 24 years "[a]fter having considered the individual facts and circumstances of the case under [Welfare and Institutions Code] section 731(c)," and acknowledged that it had discretion to order a shorter maximum. Appellant timely appealed.

## DISCUSSION

Appellant contends the court erred by relying on the gang enhancement to extend his maximum period of

7

confinement by 10 years because (1) the correct length of the gang enhancement is five years; and (2) had he been sentenced as an adult, the sentencing court would have been required to stay the gang enhancement.  The People agree.  In his reply brief, appellant argues for the first time that we must remand for a new disposition hearing because (1) the court was unaware of its discretion to order a maximum period of confinement shorter than the maximum adult sentence; and (2) appellant has the right to present "new evidence based upon his behavior and change of circumstances while in lock-up."

## A. *The Maximum Period of Confinement Must Be Reduced*

As the parties agree, the juvenile court erred by relying on the gang enhancement to extend appellant's maximum period of confinement by 10 years.  "The court shall not commit a ward to the Division of Juvenile Justice for a period that exceeds the maximum term of imprisonment that could be imposed upon an adult convicted of the same offense."  (Welf. & Inst. Code, § 731, subd. (c); see also *id.*, § 726, subd. (d)(2) [defining "'maximum term of imprisonment'" as used in section 731 to include proven sentence enhancements].)  Here, had appellant been sentenced as an adult, the sentencing court would have been required to stay the five-year gang enhancement because it and the 10-year firearm enhancement arose from a single use of a firearm.  (See *People v. Le* (2015) 61 Cal.4th 416,

8

419-420; *People v. Francis* (2017) 16 Cal.App.5th 876, 879-880.)  Thus, the maximum adult sentence is 14 years, comprising the four-year upper term on the firearm-assault conviction (Pen. Code, § 245, subd. (a)(2)) and the 10-year firearm enhancement (*id.*, § 12022.5, subd. (a)).  Because appellant could not have been sentenced as an adult to more than 14 years, the court erred by ordering a maximum period of confinement in excess of 14 years.

**B. *We Need Not Remand for a New Disposition Hearing***

Because the court chose to order the longest possible maximum period of confinement, we may correct its erroneous addition of 10 years to that maximum without remanding.  (Cf. *People v. Gastelum* (2020) 45 Cal.App.5th 757, 772-773 [where sentencing court imposes maximum possible sentence, plus erroneous enhancement, appellate court may strike enhancement without remanding]; *People v. Winn* (2020) 44 Cal.App.5th 859, 872-873 [same]; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342 [same].)  The court had discretion to order a maximum period of confinement shorter than the maximum adult sentence.  (See Welf. & Inst. Code, § 731, subd. (c); *In re A.G.* (2011) 193 Cal.App.4th 791, 806.)  The court did not exercise this discretion, instead choosing to set a 24-year maximum on the basis of its mistaken belief -- advocated by both parties -- that 24 years was the maximum adult sentence.  It thereby clearly indicated it would have set a 14-year maximum had it

9

known 14 years was the maximum adult sentence. We will fulfill the court's clearly indicated intent by ordering the maximum reduced to 14 years and affirming the judgment as so modified.

Appellant forfeited his arguments for remand by failing to raise them in his opening brief. (See *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 408 ["'It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party'"].)[2] Rather than develop an argument for remand in his opening brief, appellant merely asserted that we "should" remand for a new disposition hearing, before asserting we should instead reduce the maximum period of confinement ourselves. He thereby deprived the People of notice of any need to argue remand is unnecessary. Accordingly, we deem appellant's arguments for remand forfeited.

---

[2]  Appellant doubly forfeited the first of his reply brief's arguments for remand -- that the juvenile court failed to exercise its discretion whether to order a shorter maximum period of confinement -- by failing to raise it in the juvenile court. (See *In re Travis J.* (2013) 222 Cal.App.4th 187, 201 ["Travis has forfeited any claim that the juvenile court erred in its selection of the [maximum period of confinement]. In juvenile court, as in an adult criminal proceeding, a claim that the court failed to make or articulate a discretionary sentencing choice must be raised by objection in the trial court in order to preserve the claim for appeal"].)

In any event, we find both arguments without merit. First, appellant fails to show the juvenile court was unaware of its discretion to order a maximum period of confinement shorter than the maximum adult sentence. We begin with the presumption that the court knew of its discretion. (See *In re Julian R.* (2009) 47 Cal.4th 487, 498-499 [applying general presumption that trial courts know and follow applicable law to specifically presume, on silent record, that juvenile court understood and exercised its discretion in setting maximum period of confinement].) This presumption is bolstered by the court's signature on Judicial Council Form JV-732, attesting that it had "'considered the individual facts and circumstances of the case'" in ordering the maximum period of confinement, and acknowledging its discretion to order a shorter maximum. (Cf. *In re Julian R.*, *supra*, fn. 4 ["In light of newly revised Judicial Council form JV-732 requiring the juvenile court to acknowledge its consideration of the crime's facts and circumstances [citation], in the future a court's exercise of its discretion will be evident" (italics omitted)].) Appellant fails to identify any evidence sufficient to rebut the presumption and its supporting evidence.

Second, appellant cites no authority -- and we are aware of none -- supporting his position that we must remand merely because "there is no reason why appellant cannot argue, at a new disposition hearing, that based on his [unspecified] post-commitment behavior he deserves less time." Appellant cites cases supporting the proposition that

11

where an adult defendant is resentenced, he is entitled to consideration of post-sentencing evidence. (See *People v. Bullock* (1994) 26 Cal.App.4th 985, 990; *People v. Tatlis* (1991) 230 Cal.App.3d 1266, 1273-1274; *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460; *People v. Warren* (1986) 179 Cal.App.3d 676, 687; *People v. Foley* (1985) 170 Cal.App.3d 1039, 1047-1049.) But those cases do not suggest that an adult defendant is entitled to resentencing in the first instance whenever a reviewing court finds sentencing error.

Moreover, because appellant's cases concern adult sentencing, they provide little or no support for his demand for a new hearing on his maximum period of confinement as a ward of the juvenile court. (Cf. *In re Christian G.* (2007) 153 Cal.App.4th 708, 714 ["In exercising its discretion whether to set the minor's theoretical maximum term of physical confinement at less than the maximum term of imprisonment, the juvenile court is not required to follow the procedures applicable to adult sentencing"].) An adult defendant's interest in a resentencing hearing is greater than appellant's interest in a new hearing on his maximum period of confinement. In adult cases, a resentencing hearing may be the defendant's only opportunity to secure earlier release on account of his post-sentencing rehabilitation, as resentencing allows the court to reduce the defendant's *minimum* term of incarceration. But here, the juvenile court set no minimum period of confinement; the juvenile officials have an ongoing duty to discharge appellant whenever his rehabilitation sufficiently mitigates

12

public safety concerns.[3] (See Welf. & Inst. Code, § 1765, subd. (b) [juvenile officials "shall" discharge ward "as soon as in [officials'] opinion there is reasonable probability that he or she can be given full liberty without danger to the public"]; *In re Christian G.*, *supra*, at 715 ["'The adult sent to prison for the upper "term prescribed" will be confined for that specific period less any behavior-performance credits. . . . In contrast, to the juvenile, the "maximum" term is simply the outside time limit for a statutory program aimed directly at rehabilitation'"].)

In sum, appellant fails to identify any authority supporting his claim of entitlement to a new hearing on his maximum period of confinement. Having found no need for such a hearing, we decline to remand for one.

---

[3] Moreover, unless the juvenile officials obtain an order for further confinement (requiring a new trial and proof beyond a reasonable doubt of a danger to public safety), they will be required to discharge appellant no later than when he reaches the age of 25. (See Welf. & Inst. Code, §§ 1769, subd. (d), 1801.5.) He will reach that age in April 2022 -- well in advance of the expiration of a 14-year maximum period of confinement.

## DISPOSITION

The judgment is affirmed as modified to reduce appellant's maximum period of confinement to 14 years. The juvenile court shall issue an amended commitment order and forward it to the Department of Youth and Community Restoration.[4]

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

---

[4]     The DFJ was replaced by the Department of Youth and Community Restoration during the pendency of this appeal (on July 1, 2020). (See 16 Witkin, Summary of Cal. Law (11th ed. 2020) Juvenile Court Law, § 840; Welf. & Inst. Code, § 1710, subd. (a) ["Any reference to . . . the Division of Juvenile Facilities . . . in this or any other code refers to the Department of Youth and Community Restoration"].)